**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Nathan WILLIAMS, Defendant— Appellant.**

No. 03–10285.

D.C. No. CR–02–00652–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided Oct. 21, 2004.

Darin Lahood, AUSA, Las Vegas, NV, for Plaintiff–Appellee.

John C. Lambrose, Esq., Jason F. Carr, Esq., Las Vegas, NV, for Defendant–Appellant.

Before FERGUSON, REINHARDT, and PAEZ, Circuit Judges.

## MEMORANDUM *

Williams contends that the government violated his due process right to a fair trial by engaging in numerous instances of prosecutorial misconduct and that the district court erred in imposing an enhancement under U.S.S.G. § 2K2.1(b)(5) solely on the basis of a hearsay statement given by an alleged robbery victim. We have jurisdiction under 28 U.S.C. § 1291. We reverse Williams' conviction because several incidents of prosecutorial misconduct deprived him of a fair trial. As a result, we do not address his second contention regarding the sentencing enhancement.[1]

### 1. Improper Vouching

▇ The prosecutor improperly vouched for the veracity of the government's key witness, Officer Russell, in two ways. First, the prosecutor directly vouched for Officer Russell's testimony by stating his personal belief that the officer was not lying. The prosecutor stated: "He came in here and told you the truth about what happened" and later reiterated, "This officer didn't commit perjury. He came in here and told you the truth about what happened." This was improper vouching by "placing the prestige of the government behind a witness through personal assurances of the witness's veracity . . ." *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir.1993) (citations omitted). Contrary to the government's assertion, the prosecutor need not invoke the name of the federal government in offering his personal belief—it is sufficient that the personal statement of belief came from the government's attorney. *See, e.g., Carriger v. Stewart*, 132 F.3d 463, 482 (9th Cir.1997) (en banc) (holding that it was improper for prosecutor to state "he did not lie to you. He is a lot of things but he is not a liar.").

Second, the prosecutor vouched for Officer Russell's testimony by suggesting to the jury that the officer was credible because the prosecutor and the court were monitoring the truthfulness of his testimony and had the power to penalize the officer if he lied. The prosecutor told the jurors that for them to believe Officer Russell lied in his testimony they also would have to believe he "lied to this judge" and "lied to me and I'm prosecuting this case." The prosecutor argued that if the officer lied in his testimony he would "risk losing his job, risk losing his pension, risk losing his livelihood." This, too, was improper vouching. *See United States v. Combs*, 379 F.3d 564, 575 (9th Cir.2004) (holding that it was improper vouching when the prosecutor "plainly implied that she knew agent Bailey would be fired for committing perjury and that she believed no reasonable agent in his shoes would take such a risk.").[2]

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them in detail.

2. The government asserts that even if there was vouching during the prosecutor's closing, it would nonetheless fall under the so-called "invited response" rule of *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). Under *Young*, "if the prosecutor's remarks were 'invited,' and did no more than respond substantially [to defense counsel's summation] in order to 'right the scale,' such comments would not warrant reversing a conviction." *Id.* at 12–13, 105 S.Ct. 1038. Although defense counsel's argument challenged the credibility of Officer Russell, the

Here, the improper vouching was not objected to. Ordinarily, therefore, the error would not be reversible unless it met the plain error standard. *See United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In cases of cumulative error, however, unobjected to errors may be considered whether or not they would meet the plain error standard. *See United States v. Mayfield,* 189 F.3d 895, 906 n. 7 (9th Cir.1999); *United States v. Wallace,* 848 F.2d 1464, 1476 n. 21 (9th Cir.1988). Because we consider the effect of cumulative error hereafter, we need not decide whether the vouching error was "plain."

## 2. Improper Comment on Defendant's Failure to Testify

█ The prosecutor also improperly commented on Williams' failure to testify. A prosecutor is not allowed to comment on the defense's failure to present witnesses if the comment is "phrased to call attention to the defendant's own failure to testify." *Necoechea,* 986 F.2d at 1282 (citation omitted). While describing Officer Russell's chase of the defendant, the prosecutor stated: "By the way, was there any evidence why this defendant didn't stop there?"[3] "The test is whether the comment is 'manifestly intended to call attention to the defendant's failure to testify, and is ... of such a character that the jury naturally and necessarily take it to be a comment on the failure to testify.' " *United States v. Castillo,* 866 F.2d 1071, 1083 (9th Cir.1988) (citing *United States v. Bagley,* 772 F.2d 482, 494 (9th Cir.1985)). No one, except for Williams, could testify as to his own mindset and why he took off running, as opposed to simply stopping when Officer Russell attempted to talk to him. Although the prosecutor did not refer to Williams by name, his comment drew the jury's attention to his failure to testify and constituted prosecutorial misconduct. *See, e.g., United States v. Sehnal,* 930 F.2d 1420, 1425 (9th Cir.1991) (holding that it was improper when prosecutor posed questions to defense counsel that "could have been read as posed only" to the defendant and "whose answers could only have been provided by" the defendant); *see also Lincoln v. Sunn,* 807 F.2d 805, 810 (9th Cir.1987) (noting prosecutor's allusion to facts that were within the knowledge of only two people might be presumed to be a reference to the failure of one of them to take the stand).

## 3. Reversible Error

█ We need not decide whether each of these errors separately requires reversal because the improper vouching and the comment on Williams' failure to testify cumulatively constitute reversible error; the combination of errors prejudiced Williams' " 'substantial rights' and 'seriously affected the fairness, integrity, or public reputation' of his trial." *Combs,* 379 F.3d at 576 (quoting *United States v. Geston,* 299 F.3d 1130, 1135 (9th Cir.2002)).

Both forms of prosecutorial misconduct had the effect of improperly strengthening the key government witness' testimony. The vouching improperly bolstered the officer's testimony by both expressing the prosecutor's personal belief in his credibility, as well as suggesting to the jury that the prosecutor and the court were moni-

---

main thrust of the argument was that there was reasonable doubt whether Williams was guilty because of the alleged discrepancies in Officer Russell's testimony. This argument was "neither an invitation nor justification for the prosecutor's improper rebuttal based upon matters outside the record." *Combs,* 379 F.3d at 574 (citation omitted).

**3.** Defense counsel objected to this statement, and the objection was overruled.

toring the truth of the officer's testimony. "Vouching is especially problematic in cases where the credibility of the witnesses is crucial." *Necoechea*, 986 F.2d at 1276 (quoting *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir.1991)). Officer Russell was the only witness who spoke with the alleged victim, and he was the one who apprehended Williams. His credibility was therefore essential to the government's case. The comment on Williams' failure to testify reinforced in the jurors' minds that they had heard from one of only two possible witnesses to the alleged crime, and the jury could easily draw the inference that Williams did not present his version because the officer's was correct.

We conclude that the combination of the prosecutor's improper vouching and his improper comment on Williams' failure to testify prejudiced Williams' due process rights to a fair trial. Accordingly, we vacate Williams' conviction and remand for a new trial.

REVERSED.